UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN PATRIENCE BALLENTINE, <br><br> Plaintiff, <br><br> v. <br><br> COMENITY BANK, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-09170 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes KAREN PATRIENCE BALLENTINE, ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of COMENITY BANK ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 43 year old person residing at 221 Koscner Avenue, Richton Park, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately December 2014, Plaintiff obtained a Carson's credit card issued through Defendant which she used to make purchases of household goods for her family. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. After putting charges on the Carson's credit card, Plaintiff's normal practice was to make monthly payments to Defendant. *See* Exhibit A.

11. In approximately April 2015, Plaintiff's seasonal employment as a school bus driver ended. As a result of her reduction in income, Plaintiff defaulted on her payments to Defendant for the Carson's credit card. *Id.*

12. Prompted by her default, Defendant started regularly calling Plaintiff's cellular phone in approximately May 2015 seeking payment. *Id.*

13. Plaintiff's cellular phone number that Defendant called is (708) XXX-9357. *Id.*

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 9357. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. Defendant used a rotating variety of different phone numbers to contact Plaintiff including: (614) 754-4056, (614) 729-5606, (912) 563-5512, (614) 729-5607, (720) 456-3688, (720) 456-3679, (913) 312-0548 and (720) 456-3683. *Id.*

16. Upon information and belief, the above phone numbers are regularly utilized by Defendant during its consumer collection activities.

17. Plaintiff's work as a school bus driver requires her to keep non-traditional sleeping hours. Because of this, Plaintiff demanded that Defendant cease calling her. *Id.*

18. Despite Plaintiff's demand, Defendant continued to regularly call her cellular phone seeking payment. *Id.*

19. Defendant habitually called Plaintiff over seven times a day. On many occasions, it would place multiple calls to her within seconds of each other. *Id.*

20. As a reference point, Defendant called Plaintiff 18 times on July 28, 2015 with many of the calls coming back to back. *Id.*

21. Defendant would consistently call Plaintiff over eight times during the same day. *Id.*

22. Over one period from July 9, 2015 until August 12, 2015, Defendant called Plaintiff's cellular phone approximately 170 times. *Id.*

3

23. When Plaintiff has answered calls from Defendant, she experiences a brief period of silence before a live representative begins to speak. *Id.*

24. Defendant has called Plaintiff's cellular phone not less than 500 times since she demanded that it stop contacting her. *Id.*

25. Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Seeking to stop the calls from Defendant, Plaintiff has expended money and purchased applications on her cellular phone to block its numbers. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress and loss of sleep. *Id.*

30. Plaintiff's job performance has been negatively impacted by Defendant's actions. *Id.*

31. Plaintiff has suffered concrete harm as a result of Defendant's actions

.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being

Case: 1:16-cv-09170 Document #: 1 Filed: 09/23/16 Page 5 of 7 PageID #:5

connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the extreme frequency and nature of Defendant's calls, strongly suggests that an ATDS was being utilized.

35. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands for it to stop calling.

36. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KAREN PATRIENCE BALLENTINE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

40. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

41. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

42. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, systematically calling as many as eighteen times during the same day. Some of Defendant's calls were in extreme proximity to one another and placed with the hope that Plaintiff would be compelled to make payment. Defendant ignored Plaintiff's prompts to cease its communications and continued to seek payment from her.

43. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

45. As pled in paragraphs 25 through 31, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KAREN PATRIENCE BALLENTINE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 23, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com